Stewart, J.,
 

 concurring. I concur in the judgment in this case but for reasons differing from those given in the majority opinion. I do not agree that this case is distinguishable from
 
 Robbins
 
 v. State, 8 Ohio St., 131. If the
 
 Robbins case
 
 properly stated the law I
 
 *270
 
 would concur in the dissenting opinion in the instant -case.
 

 The
 
 Robbins case
 
 construed a statute substantially the same as Section 12400, General Code, involved in the instant case. At the time of the decision in the
 
 Robbins case,
 
 there were five members of this court and the court divided three to two in the decision in that case. The majority construed the statute as does the dissenting opinion in the instant case. The majority there held that where one administers a poison with an intent to produce abortion, but not to kill the woman, and the woman dies from the effects of the drug, the offense cannot constitute murder in the first degree under the criminal statute of this state.
 

 It seems to me that the majority opinion in the
 
 Robbins case,
 
 which is relied upon in the dissenting opinion in the instant case, does not properly construe the statute. I am of the opinion that Section 12400, General Code, properly construed, means whoever purposely and either of deliberate and premeditated malice, or by means of poison purposely, or in purposely perpetrating or attempting to perpetrate rape, arson, robbery or burglary, kills another is guilty of murder in the first degree, etc. In other words, murder in the first degree results from purposely killing another with deliberate and premeditated malice, or from killing another by -purposely administering poison, or in the purposeful perpetration or attempting to perpetrate rape, etc.
 

 I am in agreement with the dissenting opinion of Judge Swan in the
 
 Robbins case
 
 where he said on page 195:
 

 “I dissent, however, if it holds that when one comrmits a rape with so much brutality as to cause the death of his victim, he may extenuate the murder and escape capital punishment by showing that he intended only to gratify his lust; or that the killing was an un
 
 *271
 
 intentional incident resulting from the accomplishment of his main design.
 

 “Killing another, in the prepetration of rape, arson, robbery, or burglary, is, I hold, murder in the first degree; and every-evil intent and purpose in one engaged in the commission of these high crimes, is, in law, incontrovertibly implied. If, in such cases, the* jury may inquire, and do find that there was no intent to kill, what is the offense if it be not murder in. the first degree? Murder in the second degree requires a purpose to kill. Is it the mild offense of manslaughter?”
 

 In my opinion that part of the
 
 Robbins
 
 case, which-holds that it is necessary to prove a purpose or intent to kill, upon the part of the one who has caused the death of another by purposely administering poison, or in purposely perpetrating or attempting to perpetrate rape, arson, robbery or burglary, should be overruled.
 

 Turner, J., concurs in the foregoing concurring opinion.